J. J. Hendrick *vs.* Nicholas Tompkins.

---

No. 14.—J. J. Hendrick, former Sheriff, plaintiff in error, *vs.* Nicholas Tompkins, defendant.

[1.] Where a rule *nisi* had been taken against a former Sheriff, and after his answer by return and investigation, the rule was ordered to be made *absolute*; but, by consent of counsel for plaintiff, leave was granted to the Sher-

J. J. Hendrick *vs.* Nicholas Tompkins.

iff to amend, or make an additional return, upon condition that he would serve the plaintiff's counsel with a copy thereof, by a time specified, and previous to the next session of the Court; and at the next term, such additional return not having been made and served, the Sheriff moved for leave to be heard again upon the merits of the issue; and also, to be allowed to amend his return: *Held*, that he had already had his day in Court, upon the merits of the issue as it stood—that he could not then amend; and that the rule was properly made absolute, *nunc pro tunc.*

Rule, in Heard Superior Court. Decided by Judge HILL, April Term, 1853.

At October Term, 1852, of Heard Superior Court, a rule was moved by Tompkins, against Hendrick, requiring him to account for the hire of certain negroes, which Hendrick, when Sheriff of the county, had levied on, and kept a long time in his possession, and hired out.

The rule was granted, and after a return from Hendrick, made absolute, and the case stricken from the docket; but no entry of the proceedings had been placed on the minutes of the Court. Subsequently, the Sheriff, by consent of counsel for the plaintiff, obtained leave to make a new return, by the next term, alleging that he was entitled to certain credits, which he had not charged in his former return, on condition that he would serve a copy on plaintiff's attorney, on or before the 1st of March thereafter.

At the next term, the Sheriff had made no other return; but proposed instead, to open the question again on his original return. This the Court refused to permit; but allowed the plaintiff to have the rule absolute, entered on the minutes, *nunc pro tunc.* To which decision the defendant excepted.

SIMMS & HAMMOND, for plaintiff in error.

HILL, for defendant.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] At October Term, 1852, of Heard Superior Court—

to which the plaintiff in error, as former Sheriff, had been required to answer, by a rule taken against him, and after due consideration of his return, the rule was made absolute, by order and judgment of the Court.  By consent of the plaintiff's counsel, *ex gratia*, and as a matter of complete justice, before a formal order or entry of judgment, leave was given to Hendrick to amend his return, or rather to make an *alias* return, on condition that he would serve the plaintiff's attorney with a copy thereof, on or before the first of March thereafter; and the record was kept open, that this might be done.  At the next term, no such *alias* return having been, in the meantime, made and served, as required by the order, Hendrick, by his counsel, moved to amend; and that he should be allowed to go again into the merits of the issue which had been at the last term considered and adjudged by the Court.  This was refused by the Court; and, in our opinion, properly.  Hendrick had had his day in Court, with regard to the subject-matter which he proposed to investigate ; and that had been considered and determined.  He was afterwards entitled only to be heard upon the terms prescribed in the order.  Not having complied with those terms, he was not *rectus in curia ;* and the Court properly overruled his motions.

It was proper, too, for the Court to grant the order, *nunc pro tunc ;* and the objection urged to it, viz: that there was no record on which such order could be based, is not tenable.

The record consisted of the previous orders and return of the Sheriff.

The case, at the last term, stood precisely where it did when at the first term the Court suspended its judgment, and granted a further order on terms—inasmuch as there had been no compliance with those terms—and the Court had the same power and authority in the premises, which it had when the extended order was granted.  The order, *nunc pro tunc,* therefore, making the rule absolute, was properly granted.